E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6907-GHK (CWx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | *American Home Assurance Co., et al. v. Allstate Tower, Inc.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**  Order to Show Cause

On September 16, 2010, Plaintiffs American Home Assurance Co. ("American Home") and National Union Fire Insurance Co. of Pittsburgh, PA (collectively, "Plaintiffs") filed the above-captioned action in this Court. The Complaint seeks declaratory judgment that Defendant Allstate Tower, Inc. ("Defendant") is not an insured party under two insurance policies issued by Plaintiffs.

Although it appears that subject matter jurisdiction is present in this case, we question whether it should proceed in federal court under the Declaratory Judgment Act, 28 U.S.C. § 2201. Congress has vested us with "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Maryland Casualty Co. v. Knight*, 96 F.3d 1284, 1288 (9th Cir. 1996) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). The Ninth Circuit has emphasized that we may decline to hear declaratory relief actions to avoid needless determinations of state law, discourage forum shopping, and prevent duplicative litigation. *See, e.g.*, *Am. Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1117-19 (9th Cir. 1999) (citing *Wilton*, 515 U.S. 227); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 (9th Cir. 1998). The Ninth Circuit has rejected the contention that "the absence of a pending state action precludes a district court from declining discretionary jurisdiction." *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002).

This action would require us to examine questions of state insurance law and contract law, some of which may be novel and best addressed by state courts. We are concerned that even if we were to resolve the relationship between the Parties based on our interpretation of state law, the action could lead to piecemeal litigation. For example, in the event we decide that Plaintiffs are not entitled to declaratory relief, it is likely that Defendant would commence further litigation to establish its rights under the insurance policies at issue. Moreover, the instant coverage dispute arises out of more than 30 lawsuits filed against Defendant in California state court, for which Defendant tendered defense and indemnity to American Home, and for which American Home has denied coverage. (Compl. ¶¶ 10-13). We are also concerned that this action may be a form of forum shopping and may lead to entanglement of state and federal court systems. *See Dizol*, 122 F.3d at 1225 n.5.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6907-GHK (CWx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | *American Home Assurance Co., et al. v. Allstate Tower, Inc.* | | |

  Plaintiffs are **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS hereof**, as to why we should exercise our discretion to hear their claims for declaratory relief. Plaintiffs' failure to timely and adequately show cause as required herein shall be deemed Plaintiffs' admission that this Court should decline to entertain the declaratory relief action. In that event, this action shall be dismissed without prejudice in the exercise of our discretion to decline to entertain an action for declaratory relief. The now-pending Motions, (Dkt. Nos. 5, 7) are hereby **STAYED** pending future order of this Court.

  **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |